**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio S., Suite 101
San Diego, CA 92108
Telephone: 619-233-7770
Facsimile: 619-297-1022

*Counsel for Plaintiff Tyler Baker*
*and the Putative Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tyler Baker,** individually and on behalf of others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>QuinStreet Media, Inc.,<br><br>Defendant. | Case No.: 3:20-cv-05632<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

# INTRODUCTION

1. Tyler Baker ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of QuinStreet Media, Inc. ("Defendant"), in negligently, knowingly, and/or willfully placing unsolicited automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. at §§ 12-13; *see also Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction because this case arises out of violations of federal law: the TCPA, 47 U.S.C. § 227 et seq.

8. Because Defendant conducts business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant resides in this judicial district; and (ii) a substantial part of the events or omissions giving rise to this claim occurred in this district due to Defendant's presence.

## PARTIES & DEFINITIONS

10. Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of Chittenden, in the State of Vermont.

11. Defendant is, and at all times mentioned herein, was a corporation headquartered in Foster City, California. Defendant is authorized to and regularly conducts business within the State of California.

12. QuinStreet Media, Inc., describes itself on its website as an online marketing company that allows brands to target and reach in-market customer prospects.[1]

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

14. In order to procure business leads, QuinStreet Media, Inc. conducts marketing campaigns by placing robotic telephone calls to consumers' cellular telephone numbers.

## FACTS

15. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(802) 238-XXXX.

16. Plaintiff is not a customer of Defendant, nor has Plaintiff ever done business with Defendant. Plaintiff never sought Defendant's business and did not authorize any pre-recorded or automated robotic calls or text messages to his cellular number.

17. Nonetheless, on or about July 13, 2020 at approximately 1:35 PM, Defendant contacted Plaintiff through an unsolicited, automated phone call to Plaintiff's cellular telephone number from the number (802) 318-4993.

18. Defendant called Plaintiff again the next day, July 14, 2020, at 4:06 PM from the same cellular telephone number.

19. Plaintiff called the number on July 14, 2020 at 4:16 PM to inquire into the entity on behalf of which the call was made. Plaintiff was greeted with an automated recording saying, "thanks for calling QuinStreet." Plaintiff spoke with a representative who said they wanted to set him up with someone to do a "home project." Plaintiff responded that he had never asked or made an inquiry into this

---

[1] https://www.quinstreet.com/about-us/ (last accessed on August 3, 2020).

- 4 -

CLASS ACTION COMPLAINT                                    *Baker v. QuinStreet Media, Inc.*

1  service and asked to not be called again. The outgoing call lasted approximately one minute.

20. A true and correct copy of Plaintiff's call history log is reproduced below:



21. Defendant initiated telephonic communications to Plaintiff's cellular telephone. Plaintiff found these communications excessive, inconvenient, harassing, and placed in complete disregard of Plaintiff's privacy.

22. Plaintiff did not give Defendant prior express written consent to call his cellphone using an automatic telephone dialing system.

23. In fact, Plaintiff registered his cellular number with the National Do Not Call Registry since November 4, 2004.

24. At no time prior to the unwelcomed call did Plaintiff solicit Defendant's business; in fact, prior to the solicited call, Plaintiff was not aware of Defendant's existence.

25. The phone calls Defendant placed to Plaintiff solicited home project services through Defendant.

26. Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call cellular telephone users *en masse* for the purpose of promoting its services and products, often calling consumers on their cellular phones.

27. The telephone system Defendant used to place the automated robocall constitutes an ATDS as defined by 47 U.S.C. § 227(a)(1).

28. Upon information and good faith belief, and in light of the nature and character of the phone calls at issue—standardized, impersonal, and consistent in structure and format—the advertisement and marketing phone calls at issue were sent by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

29. Upon information and belief, no human placed the multiple phone calls to Plaintiff's number.

30. In addition, upon information and belief, the hardware and software combination utilized by Defendant has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

31. Defendant did not have Plaintiff's prior express consent to place automated phone calls to Plaintiff on his cellular telephone.

32. Receipt of Defendant's unauthorized phone call drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery. Additionally, the receipt of the unauthorized call caused Plaintiff annoyance, aggravation, and invasion of Plaintiff's privacy.

33. Defendant did not place the phone call for an emergency purpose.

34. Through the aforementioned conduct, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

## STANDING

35. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### The "Injury in Fact" Prong

36. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S. Ct. at 1547.

37. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant placed an automated phone call to Plaintiff's cellular telephone, using an ATDS. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

38. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S. Ct. at 1543. In this case, Defendant invaded Plaintiff's privacy and peace by calling his cellular telephone, and did this with the use of an ATDS. Furthermore, Plaintiff was distracted and annoyed by having to take time, looking at the caller ID and trying to identify the caller to request that the calls stop. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative class.

///

**The "Traceable to the Conduct of Defendant" Prong**

39. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that his injuries are traceable to the conduct of Defendant.

40. The above phone calls were directly and explicitly linked to Defendant. The number from which the call was made belongs to Defendant. When Plaintiff called the number back to request that the calls stop, he was greeted by an automated message saying, "thanks for calling QuinStreet." These automated phone calls are the sole source of Plaintiff's and the class's injuries. Therefore, Plaintiff has illustrated facts that show that his injuries are traceable to the conduct of Defendant.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

41. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

42. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

43. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> **ATDS Class:**
> All persons within the United States who received any telephone call from Defendant, not sent for emergency purposes, to said person's cellular telephone made through

the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this complaint.

**DNC Class:**
All person within the United States who, within the four years prior to the filing of this Complaint, received more than one (1) call to said person's cellular telephone number within any 12-month period, by or on behalf of the same entity, without their prior express consent, while listed on the national Do Not Call Registry.

45. Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

46. Plaintiff reserves the right to redefine the classes and to add subclasses as appropriate based on discovery and specific theories of liability.

47. <u>Numerosity</u>: Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

48. The exact number of the members of the classes are unknown to Plaintiff at this time but can (and will) be determined through appropriate discovery. However, given that, on information and belief, Defendant called thousands of class members nationwide during the class period, it is reasonable to presume that the members of the class are so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

49. <u>Ascertainability</u>: The members of the class are ascertainable because the class is defined by reference to objective criteria.

50. In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and by third parties.

51. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class.

Plaintiff has had to suffer the burden of receiving automated phone calls to his cellular telephone from an ATDS. Thus, his injuries are typical to class members. As it did for all members of the class, Defendant used an ATDS to place an automated phone call to Plaintiff's cellular telephone number.

52. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

53. Plaintiff's claims are based on the same theories, as are the claims of the members of the class.

54. Plaintiff and the class members were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and the class members by illegally calling their cellular phones using an ATDS. Plaintiff and the class were damaged thereby.

55. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of the members of the class with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any class member.

56. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

57. Plaintiff will vigorously pursue the claims of the members of the class.

58. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling clams involving consumer actions and violations of the TCPA.

59. Plaintiff's counsel will vigorously pursue this matter.

60. Plaintiff's counsel will assert, protect and otherwise represent the members of the class.

61. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each class member.

62. <u>Predominance</u>: The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class. The elements of the legal claims brought by Plaintiff and the class members are capable of proof at trial through evidence that is common to the class rather than to its individual members.

63. <u>Commonality</u>: There are common questions of law and fact as to all members of the class, including but not limited to the following:
    a. What is Defendant's conduct, pattern, and practice as it pertains to placing unsolicited advertisement and telemarketing calls;
    b. Whether Defendant places calls to the telephone numbers listed on the Do-Not-Call Registry;
    b. Whether, within the statutory period, Defendant used an ATDS as defined by the TCPA to call the cellular numbers of Plaintiff and the class members;
    c. Whether Defendant's conduct violated the TCPA;
    d. Whether Defendant should be enjoined from engaging in such conduct in the future; and
    e. The availability of statutory penalties.

64. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:
    - If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.
    - The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of

- the class, and could substantially impair or impede their ability to protect their interests.
- The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.
- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.
- The damages suffered by each individual member of the class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.
- Absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.
- The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.
- There will be little difficulty in the management of this action as a class action.

65. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

66. Plaintiff and the class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

67. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of class members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

///

# COUNT I

## Negligent Violations of the TCPA

## 47 U.S.C. § 227 Et Seq.

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

70. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

71. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# COUNT II

## Knowing and/or Willful Violations of the TCPA

## 47 U.S.C. § 227 Et Seq.

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

74. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

75. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

## COUNT III

### Do Not Call Registry

### 47 U.S.C. § 227(c)

76. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

77. Plaintiff and members of the DNC class received more than one telephone call within a 12-month period, by or on behalf of Defendant, for the express purpose of marketing Defendant's goods and/or services without their written prior express consent.

78. Defendant's call caused Plaintiff and members of the DNC class actual harm including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data, and loss of use of their cellular telephones.

79. As a result of the aforementioned violations of the TCPA, Plaintiff and the DNC class are entitled to an award of up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

80. Additionally, Plaintiff and members of the DNC class are entitled to and seek injunctive relief prohibiting such future conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows against Defendant:

- Certify the class(es) as requested herein;
- Appoint Plaintiff to serve as the class representative in this matter;
- Appoint Plaintiff's counsel as class counsel in this matter;
- Provide such further relief as may be just and proper.
- In addition, Plaintiff and the class members pray for further judgment as follows against Defendant:

///

**Negligent Violation of**

**The TCPA, 47 U.S.C. § 227 Et Seq.**

81. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

82. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

83. Prejudgment interest; and

84. Any other relief the Court may deem just and proper.

**Knowing/Willful Violation of**

**The TCPA, 47 U.S.C. § 227 Et Seq.**

85. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

86. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

87. Prejudgment interest; and,

88. Any other relief the Court may deem just and proper.

**Knowing/Willful Violation of**

**The TCPA, 47 U.S.C. § 227(c)**

89. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5);

90. Injunctive relief prohibiting such conduct in the future;

91. Prejudgment interest; and,

92. Any other relief the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

                                             **KAZEROUNI LAW GROUP, APC**

Date: August 13, 2020                      By: *s/ Yana A. Hart*
                                                           Yana A. Hart, Esq.
                                                            *Counsel for Plaintiff and the Putative Class*